**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MARK J. TODISCO and LINDA J. TODISCO, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>PLAINFIELD POLICE DEPARTMENT and )<br>ROMAN HOLOWKA, in his capacity as a )<br>Plainfield Police Department Officer )<br>)<br>Defendants. ) | Case No. 1:11-cv-386-TWP-TAB |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. 9). On February 22, 2011, the Plaintiffs, Mr. Mark J. Todisco ("Mr. Todisco") and Mrs. Linda J. Todisco ("Mrs. Todisco"), (collectively, "the Todiscos"), filed a complaint in Hendricks County Superior Court against the Defendants, Plainfield Police Department and Officer Roman Holowka (collectively, "Defendants"). The Todiscos' Complaint brings both federal and state claims, including: (1) Counts I and II, state law false arrest claims; (2) Counts III and IV, state law malicious prosecution claims, and (3) Counts V and VI, federal law violations of 42 U.S.C. § 1983. On March 18, 2011, the Defendants removed this action to federal court in light of the Todiscos' federal claims. *See* 28 U.S.C. § 1331 ("The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. §§ 1343, 1441(b). On April 22, 2011, Defendants filed a Motion to Dismiss arguing that the Todiscos failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Motion is **GRANTED**.

## I. **BACKGROUND**

The facts set out in the Complaint and accepted as true for the purposes of the motion to dismiss are as follows: On March 8, 2009, the Todiscos, husband and wife, attempted to visit their son, Ryan McGuire ("Ryan"), at his home on Layton Lane in Plainfield, Indiana. Upon arriving on Layton Lane, they noticed numerous police cars blocking the street. The couple parked their vehicle and then heard their stepdaughter, Julie McGuire ("Julie"), crying and yelling. In response, the Todiscos exited their vehicle and walked over to her.

After noticing that Julie had sustained no physical harm, Mr. Todisco went to check on Ryan. Upon approaching Ryan's house, Mr. Todisco was met by Officer Holowka who asked for Mr. Todisco's identity; Mr. Todisco informed Officer Holowka that he was Ryan's father. Officer Holowka then directed him to return to his vehicle. Mr. Todisco complied with the request.

In the meantime, Mrs. Todisco approached Julie to inquire about her grandchildren in an effort to remove them from the area. Upon doing so, Mrs. Todisco was informed that she would not be allowed to take her grandchildren without Julie's approval. Julie declined her approval and told Mrs. Todisco to get off her street. Subsequently, an unnamed police officer directed Mrs. Todisco to return to her vehicle or face arrest. Mrs. Todisco complied with the officer's instructions.

On the way back to his car, Mr. Todisco overheard an unnamed police officer informing Julie that Ryan was being charged with assault and battery. He then overheard Julie's father yell "this B.S. has got to end." Mr. Todisco responded by stating "I totally agree" and continued to walk to his car. After Mr. Todisco had walked almost six houses towards his vehicle, he heard

Officer Holowka behind him asking what he had said to Julie's father. Mr. Todisco stopped and explained the exchange. Officer Holowka then yelled at Mr. Todisco to return to his vehicle.

As Mr. Todisco continued to walk to his vehicle, Officer Holowka began to yell threats at him. Mr. Todisco then heard Officer Holowka threaten to use a taser gun on him. Subsequently, Mr. Todisco looked over his shoulder and noticed that Officer Holowka had his taser gun pointed at him. Mrs. Todisco, who was approximately ten feet in front of Mr. Todisco in the direction of their vehicle, told Mr. Todisco to hurry because any trouble may be detrimental to his position on the school board. In response to Mrs. Todisco's statement, Officer Holowka yelled, "so, you are on the school board and you think that will help you in this situation?" Officer Holowka then began to yell "school board, school board!" as the Todiscos returned to their car and got in the vehicle.

After returning to their vehicle, Mrs. Todisco informed Mr. Todisco that a police officer informed her that they would send someone over to speak to them about what happened. A few minutes later, Officer Javiar Casas ("Officer Casas") approached the Todiscos at their vehicle. After hearing the situation surrounding Ryan's arrest, Mr. Todisco informed Officer Casas that he wished to file a citizen's complaint against Officer Holowka. In response, Officer Casas explained the procedure, took the Todiscos' information, and informed them that someone would be in touch.

On March 16, 2009, the Hendricks County Prosecutor's Officer charged the Todiscos with alleged disorderly conduct as a result of the March 8, 2009 incident. The Hendricks County Prosecutor's Office filed these criminal charges against the Todiscos based on a probable cause affidavit completed by Officer Holowka on March 10, 2009. As a result, the Todiscos were issued criminal summonses that required them to appear in Hendricks County Superior Court

and subjected them to the threat of arrest in the event they failed to appear. The Todiscos' criminal cases are still pending.

## II. LEGAL STANDARD

When reviewing a 12(b)(6) motion, the Court takes all well-pleaded allegations in the complaint as true and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted). However, the allegations must "give the defendant fair notice of what the … claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially *plausible*, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

## III. DISCUSSION

As an initial matter, the Todisco's do not oppose the Defendants' motion to dismiss as it relates to Counts III and IV, the state law malicious prosecution claims, and Counts V and VI, the federal Title 42 U.S.C. § 1983 claims. Because the Todiscos concede that the Complaint fails to state a claim upon which relief can be granted on the above mentioned claims, the Court grants Defendants' motion to dismiss with respect to Counts III, IV, V, and VI.

**A.     Jurisdiction**

Additionally, the current posture of this case creates jurisdictional concerns for the Court as the only remaining claims in the action are the supplemental state law claims for false arrest.

Under the doctrine of pendent jurisdiction, a district court has discretion to remand a properly removed case to state court if all federal law claims in the case have been eliminated and only supplemental state law claims remain.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  To decide whether to exercise jurisdiction over pendent state law claims, a district court should consider and weigh the factors of judicial economy, convenience, fairness, and comity.  *Id*.  Importantly, "the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state law claims rather than resolving them on the merits."  *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994); *see also Leister v. Dovetail, Inc.*, 546 F.3d. 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts.").

Although generally a district court should decline to exercise supplemental jurisdiction over state-law claims that were not thoroughly developed in the course of resolving the federal claims, the Seventh Circuit has recognized that the interest in judicial economy compels a court to retain jurisdiction over state claims when substantial resources already have been committed to deciding them, or when there is no doubt about how those claims should be decided.  *See Dargis v. Sheahan,* 526 F.3d 981, 990–91 (7th Cir.2008); *Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors,* 273 F.3d 722, 731 (7th Cir.2001); *Wright v. Associated Ins. Cos. Inc.,* 29 F.3d 1244, 1251 (7th Cir.1994).  Here, the Court concludes that the *Carnegie-Mellon* factors do not weigh in favor of remanding the case to state court, the outcome of the motion is clear and remanding the claim to the state court will prolong the resolution of the remaining claims.  (See *Taflinger v U.S. Swimming, Inc.* 2011 WL 3555579 at 3* (C.A.7 (Ind.)).

### B. False Arrest Claims

The Todiscos allege the Defendants are liable on their remaining state law claims for false arrest. Specifically, the Todiscos argue that Officer Holowka's filing of a probable cause affidavit which resulted in the issuance of summonses against both of the Todiscos based on charges of disorderly conduct amounted to false arrest. Defendants contend the false arrest claims should be dismissed for two reasons: first, Defendants argue that the issuance of a summons is not the same as an arrest; and, second, the Defendants argue they are immune from the state law claims under the Indiana Tort Claims Act ("ITCA") for initiation of a judicial proceeding.

With respect to the Todiscos' false arrest claims, Indiana courts have not specifically set forth a bright line rule stating that the issuance of a summons pursuant to Indiana Code § 35-33-4-1 is equivalent to an arrest. *See* Ind. Code § 35-33-4-1; *see also Merchant v. State*, 926 N.E.2d 1058, 1064 (Ind. Ct. App. 2010) (recognizing that an arrest occurs when a police officer interrupts the freedom of the accused and restricts his liberty of movement); *cf Johnson v. State*, 708 N.E.2d 912, 915 (Ind. Ct. App. 1999) ("Although a summons does not restrain a person's liberty to the extent that an arrest does, a summons does restrain an individual's liberty as they must appear in court on a certain date or the court may issue an arrest warrant"). In *Johnson v. State*, the Indiana Court of Appeals highlighted the difference between a summons as compared to an arrest before holding that, due to policy concerns, the commencement date for calculating the one year period under Indiana's speedy trial rule, Criminal Rule 4(c), may begin the day the summons ordered a person to appear in court. *Johnson*, 708 N.E.2d at 915. Regardless of whether a summons is an arrest under Indiana law, the Court does not need to answer that issue at this time because Defendants' immunity argument carries the day.

6

The ITCA governs suits against political subdivisions and its employees. Under Indiana Code § 34-13-3-3(6), the ITCA provides that, "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from…(6) The initiation of a judicial or administrative proceeding." Ind. Code § 34-13-3-3(6). The phrase "initiation of a judicial proceeding" is defined as:

> Criminal Proceedings are initiated by making a charge before a public official or body in such form as to require the official or body to determine whether process shall or shall not be issued against the accused. Thus one who, personally or by a third person for whose conduct he is responsible under the law of agency, presents to a magistrate a sworn charge upon which a warrant of arrest is issued, initiates the criminal proceedings of which the issuance of the warrant is the institution.

Restatement (Second) of Torts § 653 cmt. c; *see also Whitlock v. Brown*, 2008 WL 2626656, at *7 (N.D. Ind. June 27, 2008) (applying Indiana law). In *Whitlock*, the Northern District of Indiana, in applying Indiana law, held that an officer was entitled to immunity under the ITCA because his filing of a probable cause affidavit to the court, which resulted in the issuance of an arrest warrant, constituted an initiation of a judicial proceeding. *Whitlock*, 2008 WL 2626656, at *7.

Here, like in *Whitlock*, Officer Holowka filed a probable cause affidavit with the county prosecutor. Based on his probable cause affidavit, the county prosecutor determined that charges should be filed, and the court issued summonses for each of the Todiscos to appear in court. An important fact in this case is that Officer Holowka did not make an outright arrest of the Todiscos, but took steps (the filing of the affidavit) that subsequently lead to the initiation of a judicial proceeding. *See also Edwards v. Vermillion Cnty. Hosp.*, 579 N.E.2d 1347, 1348 (Ind. Ct. App. 1991) (finding that a hospital was immune from liability under the ITCA for false arrest after it initiated supplemental proceedings that resulted in the issuance of an arrest warrant). The immunity offered by the ITCA is important because it "allows government employees acting

7

within the scope of their employment the freedom to carry out their duties without fear of litigation." *Bushong v. Williamson*, 790 N.E.2d 467, 472 (Ind. 2003). Accordingly, because the issuance of the summonses was the result of the initiation of a judicial proceeding, the ITCA was triggered; therefore, the Court finds the Defendants are entitled to immunity under the ITCA.

### IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion to Dismiss (Dkt. 9) is **GRANTED.** Counts III and IV, the state law malicious prosecution claims, and counts V and VI, the federal claims raised pursuant to 42 U.S.C. § 1983, are **DISMISSED WITH PREJUDICE**. In addition, Counts I and II, the state law false arrest claims, are **DISMISSED WITHOUT PREJUDICE**.

Further, the parties' joint motion to modify the Case Management Plan (Dkt. 21) is **DENIED AS MOOT**.

**SO ORDERED**.     03/30/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

William O. Harrington
HARRINGTON LAW, P.C.
bill@harringtonlaw.us

Ronald J. Semler
STEPHENSON MOROW & SEMLER
rsemler@stephlaw.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com